UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: WEEKS MARINE, INC.

CIVIL ACTION

NO: 21-179

SECTION "H"

## ORDER AND REASONS

Before the Court is Claimant Eric Carter's Motion to Appeal Magistrate Judge's Decision denying Claimant's Motion to Compel certain statements (Doc. 49). The Court decided this Motion on an expedited basis. For the following reasons, the Magistrate Judge's decision is **AFFIRMED**.

## BACKGROUND

This is a limitation action brought by Petitioner Weeks Marine arising out of a stroke suffered by Claimant Eric Carter on August 29, 2020 aboard one of Weeks Marine's vessels. In a Motion to Compel before the Magistrate Judge, Claimant sought disclosure of two statements made by Weeks Marine employees shortly after the incident. The Magistrate Judge denied the request,

1

holding that the statements are work product. Claimant now appeals that decision to this Court.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[1] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[2] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[3] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[4] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[5]

## LAW AND ANALYSIS

There are two statements at issue in this Motion. The first was prepared by Tim Vestal, Weeks Marine's Houma Yard Operations Manager, and contains "summaries of his telephone calls and other conversations regarding Carter's incident, the medical care provided to Carter after the incident, and the accommodations provided by Weeks Marine to Carter's wife and mother in

---

[1] 28 U.S.C. § 636(b)(1)(A).
[2] McCallon v. BP Am. Prod. Co., Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[3] FED. R. CIV. P. 72(a).
[4] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[5] Yelton v. PHI, Inc., 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

New Orleans."[6] The second was prepared by Leonard Siddle, the Dredge Superintendent, at Vestal's request and includes information about the mobilization of equipment at the Houma Yard on the date of the incident. The parties predominately dispute whether these statements were prepared in anticipation of litigation.

Petitioner alleges that each statement was prepared in response to a message left by the Claimant's wife shortly after her husband's medical emergency that espoused her intention to "take action" against Weeks Marine. Claimant, on the other hand, argues that the message was insufficient to put Weeks Marine on notice of impending litigation. He argues that given the serious nature of his medical emergency, the statements would have been prepared regardless of whether litigation was anticipated and were therefore prepared in the ordinary course of business.

Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." The Fifth Circuit has held that a document is prepared in anticipation of litigation if "the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[7]

Claimant has not shown how the Magistrate Judge's holding that the statements were prepared in anticipation of litigation was clear error. After Claimant's medical emergency, Weeks Marine conducted its routine accident investigation, and that information has been produced in discovery. The

---

[6] Doc. 54 at 4.
[7] United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981).

statements at issue here were prepared shortly after Weeks Marine received a message from Claimant's wife suggesting forthcoming litigation. Facts in the record therefore support the Magistrate Judge's finding that these statements were prepared for the primary purpose of aiding in future litigation—above and beyond that which Weeks Marine ordinarily prepares following an accident. Further, Claimant has not shown a substantial need for the statements where both Vestal and Siddle are available for deposition. Finally, Petitioner's delay in producing a detailed privilege log regarding these statements appears to have been an oversight and does not constitute a waiver of privilege.

## **CONCLUSION**

For the foregoing reasons, the Magistrate Judge's decision is **AFFIRMED**.

New Orleans, Louisiana this 2nd day of December, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**